## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LONNIE BRIDGES,

                Petitioner,              Case Number: 14-13097

v.                                 HONORABLE TERRENCE G. BERG
                                       UNITED STATES DISTRICT JUDGE

CARMEN PALMER,

                Defendant.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF
## HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Lonnie Bridges (Petitioner) is a state inmate currently incarcerated at the Michigan Reformatory in Ionia, Michigan. He challenges his convictions for manslaughter, Mich. Comp. Laws § 750.321, felony firearm, Mich. Comp. Laws § 750.227b, and felon in possession of a firearm, Mich. Comp. Laws § 750.224f, on the ground that the prosecutor engaged in misconduct. It is plain from the face of the petition that habeas relief is not warranted. Therefore, the petition will be dismissed.

Petitioner was convicted by a jury in Wayne County Circuit Court of manslaughter, felony firearm, and felon in possession of a firearm. On April 13, 2012, he was sentenced to 10 to 22 years for the manslaughter conviction, 2 to 5 years for the felon in possession conviction, and 5 years for the felony firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals arguing that prosecutorial misconduct and the improper admission of evidence denied him the right to a fair trial.  The Michigan Court of Appeals affirmed Petitioner's convictions.  *People v. Bridges*, No.  310176, 2013 WL 3815631 (Mich. Ct. App. July 23, 2013).  The Michigan Supreme Court then denied Petitioner's application for leave to appeal.  *People v. Bridges*, 495 Mich. 903 (Mich. Nov. 25, 2013).

Petitioner then filed the pending habeas petition.  He raises this claim:

> The trial court denied defendant a fair trial and the prosecutor engaged in misconduct when the prosecutor impeached defendant Bridges with the details of a prior assault with intent to murder conviction in response to defendant's testimony that he acted in self-defense, and that he was aware that the victim could be violent.

## I.  STANDARD OF REVIEW

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."  Rule 4, Rules Governing Section 2254 cases.  If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").  The habeas petition, on its face, does not establish the violation of a federal constitutional right, therefore, the petition will be dismissed.

2

The claims raised are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). "In

order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Scott v. Houk*, 760 F.3d 497, 503 (6th Cir. 2014).

## II. ANALYSIS

Petitioner presents a single claim for habeas relief: the prosecutor engaged in misconduct when cross-examining Petitioner by referencing Petitioner's prior attempted murder conviction.

The prosecutor filed a pretrial motion, under Mich. R. Evid. 404(b), to admit prior bad acts evidence, including Petitioner's 2002 conviction for assault with intent to murder.  The trial court denied the motion.  At trial, Petitioner testified on direct examination that the victim was a violent person and described two particular occasions when the victim behaved aggressively.  The trial court ruled that, because Petitioner offered evidence about the victim's aggressive character, the prosecutor could introduce Petitioner's character trait for aggression under Mich. R. Evid. 404(a)(1), and, because Petitioner claimed to have acted in self-defense, ask Petitioner about specific instances of violent conduct under Mich. R. Evid. 405(a).

Petitioner argues that, in eliciting this evidence, the prosecutor improperly referred to the 2002 criminal conviction that resulted from Petitioner's specific conduct, rather than just the conduct itself.  The trial court struck the evidence and gave a curative instruction.  The Michigan Court of Appeals held that the prosecutor's reference to the 2002 conviction did not deny Petitioner a fair trial. *Bridges*, 2013 WL 3815631 at *2.  The state appellate court's justification for its holding was two-fold.  First, the state court noted that jurors are presumed to follow

5

their instructions. *Id.* Second, the state court observed that a defendant was not likely to be prejudiced by improper admission of the fact of a conviction when each of the elements of the crime leading to that conviction were already properly introduced at trial. *Id.*

The "clearly established Federal law" relevant to a habeas court's review of a prosecutorial misconduct claim is the Supreme Court's decision in *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). *Parker v. Matthews*, — U.S.—, 132 S. Ct. 2148, 2153 (June 11, 2012). In *Darden*, the Supreme Court held that a "prosecutor's improper comments will be held to violate the Constitution only if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). This Court must ask whether the Michigan Court of Appeals' decision denying Petitioner's prosecutorial misconduct claim "'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Parker*, — U.S. at —, 132 S. Ct. at 2155, (quoting *Harrington*, 562 U.S. at —, 131 S. Ct. at 786-87).

"[T]he *Darden* standard is a very general one, leaving courts 'more leeway ... in reaching outcomes in case-by-case determinations.'" *Parker*, — U.S. —, 132 S.Ct. at 2155, (*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Michigan Court of Appeals reasonably disposed of Petitioner's prosecutorial misconduct claim. The Michigan Court of Appeals held that, pursuant to Mich. R.

6

of Evid. 404(a)(1) and 405(a), the prosecutor was properly permitted to cross-examine Petitioner on reports of specific instances of conduct.  This Court will not disturb a state court's administration of its own evidentiary rules.  *Marshall v. Lonberger*, 459 U.S. 422, 438 n.6 (1983) ("[T]he Due Process Clause does not permit the federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules.").  The Court thus presumes the correctness of the state court's evidentiary ruling.  The state court reasonably concluded that, because evidence about the conduct underlying the prior conviction was properly introduced, and the trial court gave a curative instruction regarding the fact of the prior conviction, Petitioner's right to a fair trial was not implicated by the prosecutor's conduct.  The court of appeals' decision was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Harrington*, 562 U.S., at —, 131 S. Ct., at 786-787. Habeas relief, therefore, is denied.

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the habeas petition does not warrant relief. Therefore, the Court denies a certificate of appealability.

### IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

 s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  January 23, 2015

### Certificate of Service

I hereby certify that this Order was electronically submitted on January 23, 2015, using the CM/ECF system, which will send notification to each party.

 s/A. Chubb
Case Manager

8